IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:16-cr-00176-2 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| JOHN QUINCY DOE, aka ) | |
| ERIC CHRISTOPHER FALKOWSKI | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 813, "Application"). Defendant's Application is not necessary. As one district court explained:

> A declaration of in forma pauperis status is unnecessary for an indigent criminal defendant. In forma pauperis status basically permits a litigant to have access to the courts without the pre-payment of filing fees. 28 U.S.C. § 1915(a)(1). There are no filing fees in a criminal case. Although a defendant ultimately may file an appeal in a criminal case in forma pauperis, such a request is premature at this stage of the litigation.

*United States v. Ford*, No. CRIM. 08-411-8, 2011 WL 1496782, at *1 (W.D. Pa. Apr. 19, 2011); *see also Owens v. United States*, No. 1:08-CV-807, 2008 WL 4997524, at *3 (W.D. Mich. Nov. 20, 2008) (relieving a defendant of a filing fee where he intended to file matters in his criminal case, rather than initiate a new civil action). Therefore, the Court DENIES Defendant's Application as moot.

Also pending before the Court is Defendant's Motion for Leave to File Untimely Notice of Appeal. (Doc. No. 812, the "Motion"). Via the Motion, Defendant requests the Court "to grant leave to file an untimely appeal" and to grant Defendant leave "to proceed under the pseudonym, John Quincy Doe." (*Id.*).

Defendant is serving a 266-month term of imprisonment on each of the following counts,

with the sentence on each count to run concurrent with one another: one count of Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Resulting in Death or Serious Bodily Injury, in violation of 21 U.S.C. §§ 846; and nine counts of Distribution and Possession with the Intent to Distribute Fentanyl, Resulting in Death or Serious Bodily Injury, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). The judgment reflecting such sentence was entered on July 11, 2019 (Doc. No. 767). As Defendant was advised at his sentencing hearing, which had taken place 10 days earlier, he had 14 days to file a notice of appeal. (Doc. No. 801 at 51).[1]

Defendant acknowledges that his notice of intent to appeal is untimely but claims excusable neglect. He claims that his counsel, David I. Komisar, "failed to consult with him regarding his limited appeal rights following the July 1, 2019 sentencing hearing" despite an order from Judge Zouhary. (Doc. No. 812 at 2). Komisar allegedly later informed Defendant's wife that there had been no point in discussing appeal rights since Defendant had waived his right to appeal. (*Id.* at 2-3).

Under the Federal Rules of Appellate Procedure, to commence an appeal a criminal defendant must file a notice of appeal within 14 days after the entry of the judgment being appealed. Fed. R. App. P. 4(b)(1)(A)(i). Rule 4(b) allows for consideration of a motion to extend the time period for filing a notice of appeal. Specifically, Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, without or without motion and notice—extend the time to file a notice of appeal for a period *not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)*.

---

[1] The advisement of the sentencing judge (who was not the undersigned) of Defendant was arguably ambiguous as to whether the 14 days would begin to run from the date of the sentencing hearing (July 1, 2019) or the date the written judgment was entered (which, as noted, ultimately proved to be July 11, 2019). Under the law, the latter interpretation would have been the legally correct one. But whichever way the sentencing judge's remarks are (or were) taken, they correctly provided Defendant the information he needed to realize well in advance of July 25, 2019 that a notice of appeal would have to be filed not later than that date.

2

Fed. R. App. P. 4(b)(4) (emphasis added); *see also United States v. Aguilar-Rivera*, No. 2:17-CR-164(1), 2020 WL 419728, at *2 (S.D. Ohio Jan. 27, 2020) (explaining that, even if the district court were to find excusable neglect or good cause shown, the court may only enlarge the time period to file a notice of appeal by 30 days from the expiration of the defendant's time to appeal); *United States v. Tolbert*, No. 3:08CR-142-M, 2012 WL 28757, at *2 (W.D. Ky. Jan. 5, 2012) ("Because Defendant did not file a notice of appeal within the 44–day period mandated by the Federal Rules of Appellate Procedure, Defendant's appeal is untimely, and the Court need not determine whether excusable neglect or good cause exists."); *United States v. Conley*, No. 1–03–cr–73–06, 2009 WL 212543, at *3 (E.D. Tenn. Jan. 29, 2009) ("[I]t is immaterial whether Conley failed to receive by mail from the Clerk of the District Court a copy of the [court's] memorandum and order. Conley's alleged lack of notice of the entry . . . cannot enlarge or alter the strict time limits on this Court's jurisdiction and authority under Fed. R. App. P. 4(b)(4) to allow an extension of time to file a notice of appeal.").

Here, the Court entered judgment on July 11, 2019. Therefore, Defendant's time to file a notice of appeal expired on July 25, 2019. As noted, Rule 4(b)(4) provides that the Court with the authority to extend the time for Defendant to file a notice of appeal, upon excusable neglect or good cause shown, until 30 days later—August 24, 2019. Plaintiff filed his Motion for Leave to File Untimely Appeal over ten months later, on June 26, 2020. Accordingly, this Court does not have the authority to grant, and thus will not grant, Defendant the extension he seeks. Additionally, Defendant's request for leave to proceed with his appeal under a pseudonym is denied as moot. Thus, the Court denies the Motion in its entirety.

CONCLUSION

For the foregoing reasons, Defendant's Application to Proceed in District Court Without

Prepaying Fees or Costs (Doc. No. 813) and his Motion for Leave to File Untimely Notice of Appeal. (Doc. No. 812) are **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE