IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:16-cr-00176-2 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| JOHN QUINCY DOE, aka ) | |
| ERIC CHRISTOPHER FALKOWSKI | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's "Motion to Reopen Judgement Under Rule 60(b)" (Doc. No. 815, "Motion"). Via the Motion, Defendant seeks to have the Court "reopen" the judgment in his case, whereby he was sentenced to a 266-month term of imprisonment, and to "enter a standing order appointing appellate counsel," and "enter a notice of intent to appeal as timely filed, pursuant to Fed. R. App. [P.] 4(b)(2)." (Motion, at 2).

Defendant invokes paragraphs (b)(1) through (b)(3) of Rule 60(b) in particular as grounds for relief.[1] He alleges, with respect to his prosecution and conviction in this case, "countless instances of constitutional infirmities," ineffective assistance of counsel, prosecutorial misconduct, "collu[sion] to compel him into waiving his privilege against self-incrimination," and prosecutorial

---

[1] These paragraphs provide:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed. R. Civ. P. 60(b)(1)-(3).

use of testimony known to be perjured in order to obtain the indictment against him. (Motion, at 1-2). But these allegations are entirely conclusory, with absolutely no accompanying allegations (let alone evidence) of supporting facts. For this reason, Defendant is not entitled to relief. "A district court is justified in denying Rule 60(b) relief when the motion is only supported by vague, conclusory allegations." *Old Republic Ins. Co. v. Michigan Catastrophic Claims Ass'n*, No. 08-CV-12533, 2010 WL 11545045, at *2 (E.D. Mich. Sept. 29, 2010) (*citing United States v. Reyes*, 307 F.3d 451, 456-57 (6th Cir. 2002)); *Lucas v. United States*, No. 214CV02324STACGC, 2018 WL 3749419, at *3 (W.D. Tenn. Aug. 7, 2018) (denying relief under Rule 60(b) where motion was based on allegations that were "incoherent, vague, or conclusory").

Alternatively, the Motion must be denied as untimely. "A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "'within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding.'" (*Id.*) (quoting Fed. R. Civ. P. 60(c)(1)). Defendant asserts without any support that his Rule 60(b) motion is within the applicable one-year period. The assertion is without merit because the judgment at issue was entered on July 11, 2019, (Doc. No. 767), more than one year prior to the Motion's filing on July 27, 2020. And contrary to Defendant's implication, it is irrelevant that the Motion was filed within one year of the time this Court entered its order (Doc. No. 814) denying Defendant's motion for leave to file an untimely notice of appeal (Doc. No. 812). Accordingly, the relief sought in the Motion is time-barred by Rule 60(c)(1).

As noted, the Court has already denied Defendant's request to file an untimely notice of appeal. (Doc. No. 814). Therefore, this court will not enter an order appointing appellate counsel or "enter a notice of intent to appeal as timely filed."[2]

For these reasons, the Motion (Doc. No. 815) is **DENIED**.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not understand Defendant's apparent implication that Fed. R. App. P. 4(b)(2) relates to something properly characterized as the court's "ent[ry of] a notice of intent to appeal," let alone understand how any such "notice" could possibly be deemed "timely filed."