IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC FALKOWSKI | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00657 |
| | ) | |
| | ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, "Petition"), wherein Petitioner seeks vacatur of his convictions and sentence(s) in his underlying criminal case (no. 3:16-cr-176-2) by which he is serving an aggregate prison term of 266 months. The Government moved to dismiss the Petition on September 2, 2021 (Doc. No. 8, "Motion to Dismiss"). Petitioner responded to the Government's Motion to Dismiss on September 13, 2021 (Doc. No. 13, "Petitioner's Response") and filed a supporting memorandum four days later (Doc. No. 14, "Petitioner's Memorandum in Support"). On September 8, 2021, Petitioner filed a Motion to Appoint Counsel pursuant to 18 U.S.C. § 3006A(a)(1)(H) (Doc. No. 10). For the reasons discuss herein, the Motion to Dismiss (Doc. No. 8) will be **GRANTED**, and Petitioner's Motion to Appoint Counsel (Doc. No. 10) will be **DENIED.**

## BACKGROUND

I. <u>Procedural Background</u>

On February 15, 2017, Petitioner was charged with conspiracy and intent to distribute and possess fentanyl resulting in the death of one individual and serious bodily injury of several others

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Counts 1-10") (Doc. No. 174, "Fourth Superseding Indictment").[1] On July 1, 2019, Petitioner pled guilty to Counts 1-10 of the Fourth Superseding Indictment (3:16-cr-176-2, Doc. No. 748). On the same date, visiting United States District Judge Jack Zouhary sentenced Petitioner to serve 266 months' imprisonment followed by five years of supervised release. (*Id.*). Thereafter, Petitioner did not appeal. Petitioner has been serving his sentence at Gilmer Federal Correction Institute. According to the Federal Bureau of Prisons, Petitioner's projected release date is July 9, 2037. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Oct. 4, 2021).

II.   Instant Petition

On August 20, 2021, Petitioner filed the instant Motion raising eleven grounds for relief: (1) cumulative error, (2) ineffective assistance of counsel, (3) lack of advice regarding plea agreement and guilty plea, (4) failure to investigate clear evidence of prosecutorial misconduct, (5) Sixth Amendment claim, (6) prosecutorial misconduct, (7) selective prosecution, (8) due process claim, (9) Fourth Amendment claim, (10) Fifth Amendment claim, and (11) Fourteenth Amendment claim. (Doc. No. 1 at 2).

Petitioner specifically contends that

> [u]ltimately . . . the United States acted intentionally to deprive him of a fair trial, first by eliminating all plausible defenses, by eliciting his coerced testimony through proffer sessions . . . second, by compelling him to be a witness against himself . . . and third, by weaponizing his attorneys [ ] against him. Further, . . . he was selectively prosecuted and received disparate treatment in comparison to his

---

[1] On March 16, 2017 Petitioner was sentenced to 188 months' imprisonment for similar conduct by the United States District Court for the Middle District of Florida (that district's case no. 6:16-cr-224). Doc. No. 1 at 1. Several of Petitioner's grounds for relief in the Petition relate to his Middle District of Florida sentence. But a petition under Section 2255 must be filed in the court that imposed the sentence being collaterally attacked via the petition. *See* 28 U.S.C. § 2255(a). Thus, jurisdiction does not lie in this Court as to claims challenging the convictions and sentence(s) in the Middle District of Florida case, and accordingly this Court will dismiss such claims without prejudice.

co-conspirators/codefendants who also provided substantial assistance to the government in the prosecution of others.

*Id*.

## SECTION 2255 PROCEEDINGS

28 U.S.C. § 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

If a material factual dispute arises in a Section 2255 proceeding, the court must hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

# MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a Motion for Appointment of Counsel on September 8, 2021 (Doc. No. 10). The Sixth Amendment secures the right of a criminal defendant who faces incarceration to be represented by counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052, at *3 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action.").

Movants do not possess a right to counsel in pursuing Section 2255 motions. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987)); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) ("This Court and others, however, have recently reaffirmed the rule that the Sixth Amendment does not apply to collateral attacks.").

"In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

Petitioner fails to present any unique circumstances justifying appointment of counsel. Petitioner has failed to articulate why he is unable to present his 28 U.S.C. § 2255 motion *pro se*. Moreover, the Court believes that it is able to fairly adjudicate such motions even though one side (and not the other) is unrepresented by counsel. That is not to say that learned counsel cannot contribute something, especially something regarding nuances, to a petitioner's cause on these

motions. But it is to say that typically, the degree of substantive merit of these motions is evident to the Court even without learned counsel advocating the merits on the petitioner's behalf. Accordingly, Petitioner's request for counsel is **DENIED**, and the Court will proceed to the merits of the Motion.

## ANALYSIS

Via the Motion, Petitioner correctly concludes that "this Court will likely consider [his] claim[s] 'vague' or 'conclusory'". (Doc. No. 1 at 2). But that is not the only issue with Petitioner's Motion. It is also untimely, as the Government correctly asserts. (*See* Doc. No. 8 at 1). As the Government correctly explains, Petitioner's conviction became final on July 25, 2019, when his deadline for filing a notice of appeal expired. (*Id*. at 5). Section 2255 provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the . . . date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). This means that Petitioner had one year from July 25, 2019 (i.e., until July 25, 2020) to file a Section 2255 petition, as the Government correctly notes. (Doc. No. 8 at 5). Petitioner did not do so; Petitioner filed his petition over one year past the deadline, on August 20, 2021.

Petitioner concedes that his motion is untimely but argues that he should be entitled to equitable tolling. (Doc. No. 1 at 11). This Court previously has explained equitable tolling as follows:

> Under limited circumstances, the period for filing a habeas petition under § 2255(f) may be tolled. *See Roberston v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). To be entitled to equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir.2003) (citations and

internal quotations marks omitted).

*Corley v. United States*, No. 3:18-CV-00485, 2019 WL 3305119, at *1 (M.D. Tenn. July 23, 2019).

The Government contends that equitable tolling does not apply here because Petitioner has not diligently pursued his rights. Petitioner contends that he is entitled to equitable tolling because, according to him, (1) his motion to alter or amend the judgment in his criminal case, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion"), was really a "defective" collateral attack Section 2255 petition and thus grounds for equitable tolling; (2) he should be excused for not filing his Section 2255 petition while his Rule 60(b) motion was pending; and (3) through the filing of the Rule 60(b) motion and otherwise, he has demonstrated due diligence while gathering evidence to support his claims. (Doc. No. 1 at 12-14). The Court rejects each asserted ground for equitable tolling.

First, Petitioner relies on the principle that equitable tolling may be appropriate where the claimant actively pursued his judicial remedies by filing a defective pleading asserting those remedies during the limitations period. (*Id*. at 12). "The Supreme Court has explained that '[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" <u>Jurado v. Burt</u>, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990)). Petitioner claims that his Rule 60(b) Motion, filed in his underlying criminal case a few weeks before the expiration of the one-year limitations period, was a defective Section 2255 petition. The Court disagrees. To begin with, the Court fears that the entire policy behind the one-year limitations period would be circumvented if a would-be petitioner could file a barebones document (like the Rule 60(b) motion) that obviously does not

suffice under Section 2255 and yet claim entitlement to equitable tolling on the grounds that the filing was effectively a defective Section 2255 petition. Additionally, Petitioner's Rule 60(b) Motion was not a "defective" attempt to do something (let alone a defective attempt specifically to present a Section 2255 petition) but rather a very intentional attempt to accomplish a particular strategic goal he had in mind. According to Petitioner, he filed the Rule 60(b) Motion to "reopen the judgment" because "the United States used the writ of habeas corpus ad prosequendum to implement a stratagem in which to coax him into waiving his privilege against self-incrimination." (Doc. No. 1 at 13-14). If Petitioner filed his Rule 60(b) Motion *in hopes of* shedding light on the Government's alleged wrongdoing, then Rule 60(b) Motion was filed for than distinct purpose and was not for the purpose of asserting a Section 2255 petition that just happened to be defective. Petitioner further contends that his "Rule 60(b) Motion was the equivalent of a 'bunt' to get Petitioner's 'runners' on base; meaning [Petitioner] filed the Rule 60(b) Motion in order to demonstrate due diligence while he gathered the necessary evidence to support his claims." (*Id*. at 15). Although Petitioners are entitled to make whatever tactical decisions they wish to make (and then live with the consequences), the Sixth Circuit has held that tactical decisions made while being aware of a filing deadline do not support a granting of equitable tolling. *See Jurado,* 337 F.3d at 643 (affirming lower court's holding that one-year limitations period would not be equitably tolled based on tactical decision not to file state postconviction application until completion of extensive 19-month investigation or counsel's alleged misunderstanding of statutory tolling.").

Finally, Petitioner confusingly notes that "although [he] maintains that Rule 60(b) was actually availed to him based on the Government's writ of habeas corpus ad prosequendum . . . the Rule 60(b) Motion was defective, because Rule 60(b) was not the most expedient manner in which

to attack the judgment." *Id*. at 14. Whether true or not, this argument is irrelevant. It does not matter whether a Rule 60(b) motion was "the most expedient manner" to attack the judgment if that is the manner by which Petitioner chose to do so. Petitioner made a tactical decision to file a Rule 60(b) motion instead of a Section 2255 petition. It is clear from Petitioner's many filings and his self-proclaimed status as an "intermediate-level paralegal" that he is aware of the differences between the two forms of relief. (Doc. No. 1 at 12; Doc. No. 13 at 8). Petitioner does not claim that he was unaware of the filing deadline of a Section 2255 petition. Accordingly, Petitioner's reaching argument that his Rule 60(b) motion should be deemed defective because *he* chose to bring that motion instead of a Section 2255 petition at that time fails.

Second, Petitioner claims that "he could not have filed the instant petition until after the disposition of the Rule 60(b) Motion." (Doc. No. 1 at 12). Petitioner correctly points out that this Court (correctly) explained (in its Order case number 3:16-cr-176-2, Doc. No. 826 at 1-2) that while Petitioner's appeal of this Court's denial of his Rule 60(b) motion was pending, this Court could not rule on any motion seeking to modify Petitioner's sentence, including the particular motion then pending before the Court, *i.e.*, Petitioner's motion (Doc. No. 825) seeking reconsideration of this Court's order (Doc. No. 823) denying his motion (Doc. No. 822) for compassionate release. But a petition (motion) under 28 U.S.C. § 2255 is not a motion seeking merely to *modify* Petitioner's sentence; rather, it is a federal habeas corpus matter seeking to have his sentence *declared unlawful* under the constitution and/or laws of the United States. In other words, the Court did not signal here (or anywhere else) that a Section 2255 petition could not be filed while his Rule 60(b) motion was pending.[2] True, a Section 2255 petition is subject to

---

[2] If the Court had so signaled (which it did not), that might suggest that the Court should explain why it is now taking a view contrary to what it signaled previously. But what it would not suggest is that Petitioner *relied* on such a signal in refraining from filing during the one-year limitations

dismissal as premature until the time the petitioner's conviction(s) and sentence(s) become final, if the petition is filed before that time. *See, e.g.*, *United States v. Johnson*, 484 F. App'x 847, 848 (4th Cir. 2012); *Castellano-Martinez v. United States*, No. CR B:12-255-1, 2012 WL 12882104, at *1 (S.D. Tex. Nov. 14, 2012). But Petitioner's conviction became final almost a year before he filed the Rule 60(b) motion, the filing of which had no effect on Petitioner's prerogative to file a (not premature) petition under Section 2255. Certainly, a would-be petitioner is not allowed to buy himself additional time by the simple expedient of filing a Rule 60(b) motion long after his criminal judgment became final but just before his one-year limitations period expired.

In any event, the Sixth Circuit affirmed this Court's judgment denying Petitioner's Rule 60(b) motion on June 4, 2021. Petitioner then filed an appeal, which was denied. (Doc. No. 1 at 12). Petitioner subsequently filed a "petition for rehearing or rehearing en banc". *Id*. Petitioner notes that his petition for rehearing was denied on July 29, 2021 but that he did not receive notice of the denial order until August 6, 2021. Petitioner states that he then filed his "instant 2255 motion in the U.S. mail not long after." Doc. No. 13 at 8. Even if Petitioner's argument that he could not file his petition until the resolution of his Rule 60(b) motion was correct (which it is not), he should have filed his Section 2255 petition immediately after notice of the Sixth Circuit's denial, which he did not. He filed his petition two weeks later on August 20, 2021. Considering that at this point Petitioner's filing deadline had long expired (namely over one year later), diligence required a more immediate filing. Indeed, the Sixth Circuit has cautioned that "a court should not extend limitations by even a single day" unless there are "compelling equitable considerations." *Thomas v. Romanowski*, 362 F. App'x 452, 454 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis*

---

period; the Order cited by Petitioner here was not issued until March 11, 2021, long after the limitations period expired.

*Brooks Museum of Art*, 209 F.3d 552, 561 (6th Cir. 2000)). Here, Petitioner simply has not carried his burden of demonstrating that such equitable considerations are present, and the Petition must be dismissed as untimely. The decision whether to grant equitable tolling is in the sound discretion of the district court. *See Ingraham v. Geren*, No. 3:07-0328, 2008 WL 11510397, at *8 (M.D. Tenn. Aug. 19, 2008) ("[T]he Court may exercise equitable tolling at its discretion when justice so requires."). Although the Court has found that it cannot properly apply equitable tolling here because the justification for it is simply absent, the Court would decline to apply equitable tolling even if it did believe that it had the discretion to do so.[3]

Petitioner also claims that he diligently pursued his rights. The Court disagrees. For one thing, as suggested above, the Court does not believe that he demonstrated diligence as to his right to file a Section 2255 petition by filing the Rule 60(b) motion.

> To be entitled to equitable tolling, Petitioner must show that he was reasonably diligent in pursuing his claim. *See Holland*, 560 U.S. at 653 (stating that equitable tolling requires "reasonable diligence," not "maximum feasible diligence"). Reasonable diligence is typically measured through evidence of repeated efforts to communicate with counsel and/or the Court. *See id.* (finding reasonable diligence when a petitioner "wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association.... And, the very day that [Petitioner] discovered that his AEDPA clock had expired... [Petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court."); *Jimenez v. Butcher*, 839 F. App'x 918, 919 (5th Cir. 2021) (finding that a petitioner had exercised reasonable diligence when "[He] sent 'voluminous' correspondence to his original postconviction lawyer; he wrote his trial lawyer, apparently expressing a desire to change lawyers; he asked his trial lawyer to send him the state court record; and he 'promptly retained' a second postconviction lawyer upon learning of his original postconviction lawyer's withdrawal."). Conversely, courts do not find reasonable diligence when a petitioner fails to show that he or she has consistently pursued their claim. *See Patterson v. Lafler*, 455 Fed. App'x 606, 610-11 (6th Cir. 2012) (finding that petitioner was not reasonably diligent because they failed to make consistent efforts to contact their attorney

---

[3] As previously mentioned, although this argument section mentions Petitioner's issues with his case and counsel in his Middle District of Florida case, the Court will not entertain such arguments as this Court has no jurisdiction over a collateral attack upon the judgment in that case.

regarding their habeas petition); *Carpenter v. Douma*, 840 F.3d 867, 870-71 (7th Cir. 2016) (stating that large time gaps between a petitioner's actions to pursue his claims undermined a finding of reasonable diligence); *see also Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) ("Petitioner's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling.").

*Thompson v. United States*, No. 3:20-CV-00700, 2021 WL 2457750, at *3 (M.D. Tenn. June 15, 2021). Petitioner argues that he "filed [his] Rule 60(b) Motion in order to demonstrate due diligence while he gathered the necessary evidence to support his claims." Doc. No. 1 at 15. However, the evidence Petitioner discusses relates to claims concerning his Middle District of Florida criminal case, over which this Court lacks jurisdiction, and not to the claims concerning his criminal case in this Court. Petitioner's attempt to "combine" these two cases—by bringing claims concerning both criminal cases, and then using an alleged excuse relating to the other criminal case to justify his delay bringing claims related to the criminal case in this Court—is to no avail. Consequently, Petitioner has not shown that he has been diligent in pursuing his rights with respect to his claims concerning his criminal case in this Court.[4]

Even though the Court could deny Petitioner's equitable tolling claim on the sole basis that he did not diligently pursue his rights, the Court finds additionally that no extraordinary circumstances stood in his way of timely filing a Section 2255 petition. Petitioner claims that the tornado that occurred on April 13, 2020[5] also entitles him to equitable tolling. Specifically, Petitioner contends that "[b]efore the tornado strike [sic], he forwarded a copy of his MDFL 2255 motion to his wife, [and] this is how he was able to file an earlier 2255 motion in MDFL. He did not have the foresight to forward a copy of the MDTN motion to his wife before he was separated

---

[4] The Court takes no position whether he has done so in his Middle District of Florida case.

[5] Although in his various filings Petitioner mentions April 13, 2019 and April 13, 2020 as dates on which the tornado occurred, the tornado occurred on April 13, 2020 and the Court will use that date for purposes of this section. (*See* Doc. No. 8 at 12, fn. 6).

from his legal materials." (Doc. No. 13 at 6-7). The Court takes Petitioner to be arguing here that the tornado is an extraordinary circumstance that prevented him from filing timely his Section 2255 petition. Ordinarily, this kind of argument might hold weight, but in this instance, it does not. The Government correctly notes that the tornado does not justify equitable tolling, because Petitioner made several filings in both his Middle District of Tennessee and Middle District of Florida cases during the time period he claims he was separated from his personal property (namely, April 13, 2020 through March 10, 2021). (Doc. No. 8 at 12). Defendant's argument is further contradicted by the fact that he *timely* filed a Section 2255 petition in his Middle District of Florida case during this time frame, showing that Defendant was aware of such a deadline in that matter and presumably also aware of the Section 2255 petition filing deadline in his MDTN case. It is clear from Petitioner's filings in his underlying criminal case and the instant (civil) matter involving the Petition that he is sufficiently well-versed in the law—and sufficiently motivated by a desire to obtain relief—to grasp and appreciate the significance and substance of timing requirements for particular filings and to draft and file requests for relief (albeit not necessarily *meritorious* requests for relief). In short, Petitioner has demonstrated that he is litigious and has not demonstrated why, especially considering that litigiousness, he did not initiate the instant litigation in a timely manner (within the one-year limitations period). The tornado does not constitute an extraordinary circumstance that stood in his way of a timely filing of the Petition. In his Response to the Government's Motion to Dismiss, Petitioner claims that "the limitations period may also be 'overcome' through a 'gateway' claim of actual innocence." (Doc. No. 13 at 3). Specifically, Defendant contends that he "did not learn that Anthony Wheeler died of an overdose of drugs not solely attributed to him, until after he reviewed the revised PSR on or about June of 2020" and "based on the fact he is only convicted of violating the U.S. Sentencing Commission's

commentary." (*Id.* at 4). To obtain relief under Section 2255 based on errors that were not raised on direct appeal, a petitioner "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68 (1982). This standard is "a significantly higher hurdle than would exist on direct appeal." *Id.* at 166. A Section 2255 petitioner does have an alternative to meeting this high hurdle: showing actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (noting that a defendant may alternatively obtain relief under Section 2255 based on errors not raised on direct appeal if he demonstrates actual innocence) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).[6] Petitioner's challenge here fails because "challenges to the weight or credibility of the evidence do not establish innocence, and claims of insufficient evidence short of establishing actual innocence—which appears to be at most all that Petitioner is claiming here— will not be reviewed in a § 2255 proceeding." *Goward v. United States*, 569 F. App'x 408, 411–12 (6th Cir. 2014) (citing *Zack v. United States*, No. 93–2493, 28 F.3d 1215, 1994 WL 284088, at *3 (6th Cir. 1994)). Therefore, Petitioner's claim of "actual innocence" fails, and Petitioner will not be granted equitable tolling on this ground.

Finally, Petitioner appears to request an evidentiary hearing to determine whether equitable tolling is appropriate in this matter. Doc. No. 1 at 11, 17-18. However, the Court is not required to hold an evidentiary hearing in every instance.

> A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008). Even when material facts are in dispute, an evidentiary hearing is unnecessary if the petitioner is conclusively entitled to no relief. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). "Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because

---

[6] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 622.

they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.; accord Arredondo*, 178 F.3d at 782. The decision whether to hold an evidentiary hearing is one committed to the sound discretion of the district court. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) ("A decision not to hold an evidentiary hearing on a motion for relief under 28 U.S.C. § 2255 is reviewed for abuse of discretion.").

*Thompson*, 2021 WL 2457750, at *1. Reviewing Petitioner's instant Petition, it is filled with baseless conclusions rather than statements of fact. "[W]here the record conclusively shows that the petitioner is entitled to no relief, a hearing is not required." *Dagdag v. United States*, No. 3:16-cv-364-TAV, 2019 WL 2330274, at *1 n.1 (E.D. Tenn. May 31, 2019) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (internal quotation marks omitted). Because Petitioner is not entitled to equitable tolling and has failed to bring his claim within the one-year limitations period, Petitioner is not entitled to relief and therefore no hearing is required.

## CONCLUSION

For the reasons discussed herein, the Government's Motion to Dismiss (Doc. No. 8) will be **GRANTED**, and the Petition will be dismissed with prejudice as to the challenges to Petitioner's conviction and sentence in this Court and will be dismissed without prejudice as to his convictions and sentences in the Middle District of Florida. Petitioner's Motion to Appoint Counsel (Doc. No. 10) will be **DENIED as moot.** Further, based on this Order, all other pending motions related to Defendant's Section 2255 Petition, including Defendant's Motion to Compel (Doc. No. 6) and the Government's Motion for Extension of Time (Doc. No. 15), will be **DENIED** as moot.

An appropriate Order will be entered.

*Eli Richardson*
_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE